# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| WMG SERVICES, LLC,<br>a Massachusetts limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>IOWA RENEWABLE ENERGY, LLC,<br>an Iowa limited liability company, and<br>GAVILON, LLC, a Delaware limited liability Company,<br><br>Defendants. | CASE NO. 4:13-cv-426<br><br>**AMENDED ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIM BY IOWA RENEWABLE ENERGY, LLC** |

For its Amended Answer to the Amended Complaint by WMG Services, LLC (hereinafter "WMG"), Defendant Iowa Renewable Energy, LLC (hereinafter "IRE") states as follows:

## PARTIES, JURISDICTION AND VENUE

1. This Defendant admits paragraph 1.

2. This Defendant admits paragraph 2, and affirms that none of the members of IRE are citizens of the state of Massachusetts.

3. This Defendant admits paragraph 3.

4. This Defendant admits paragraph 4.

5. This Defendant admits paragraph 5.

6. This Defendant admits paragraph 6.

7. Upon information and belief, paragraph 7 contains no allegations with respect to this answering Defendant. In the event the Court determines an answer is required, IRE lacks information sufficient to form a belief and therefore denies paragraph 7.

## COMMON ALLEGATIONS

### The Management Services Agreement Between WMG and IRE

8. This Defendant admits paragraph 8, but states that the Management Services Agreement was executed by the Defendant on January 29, 2010.

9. This Defendant admits that the Plaintiff had several duties as specified in the Management Services Agreement. See Exhibit A attached to the Amended Complaint.

10. This Defendant admits paragraph 10.

11. This Defendant denies Paragraph 11 to the extent that the effective date of the Management Services Agreement was June 30, 2010.

12. This Defendant denies paragraph 12.

13. This Defendant denies paragraph 13.

14. This Defendant denies each and every allegation in paragraph 14.

15. This Defendant denies paragraph 15.

16. This Defendant denies paragraph 16.

17. This Defendant denies paragraph 17.

### The Gavilon—IRE Contracts

18. This Defendant denies paragraph 18 to the extent that the second sentence lacks sufficient clarity to form a response but admits the other allegations of paragraph 18.

19. This Defendant admits paragraph 19.

20. This Defendant admits paragraph 20.

21. This Defendant denies paragraph 21.

22. This Defendant denies paragraph 22.

23. This Defendant denies paragraph 23.

24. This Defendant denies paragraph 24.

2

## FIRST CAUSE OF ACTION

### Breach of Contract by IRE

25. This Defendant incorporates the same responses contained in this Answer herein as stated in paragraphs 1 through 24.

26. This Defendant denies paragraph 26.

27. This Defendant denies paragraph 27.

28. This Defendant denies paragraph 28.

WHEREFORE, this Defendant prays that the Plaintiff's Complaint be dismissed at Plaintiff's cost.

## SECOND CAUSE OF ACTION

### Tortious Interference by Gavilon

29–33. Upon information and belief, paragraphs 29 through 33 contain no allegations with respect to this answering Defendant. In the event the Court determines an answer is required, IRE lacks information sufficient to form a belief and therefore denies these paragraphs.

WHEREFORE, this Defendant prays that the Plaintiff's Complaint be dismissed at Plaintiff's cost.

## AFFIRMATIVE DEFENSES

Defendant, Iowa Renewable Energy, LLC, states the following affirmative defenses:

34. The Complaint fails to state a claim on which relief may be granted.

35. WMG failed to mitigate its damages, if any.

36. WMG's equitable cause of action for breach of the duty of good faith and fair dealing is barred by the doctrine of unclean hands.

37. WMG is estopped from pursuing its breach of contract claim due to its pursuit of its own business pursuits in conflict with IRE, breaching its duty of good faith with IRE.

3

WHEREFORE, this Defendant prays that the Plaintiff's Complaint be dismissed at Plaintiff's cost.

## COUNTERCLAIMS

### WMG'S FAILURE TO PERFORM ACCOUNTING OF INVENTORY PURSUANT TO THE MANAGEMENT SERVICES AGREEMENT

38. IRE sets forth its answers to paragraphs 1 through 6 and 8 of WMG's Complaint as if fully set forth herein.

39. Pursuant to the MSA, WMG was responsible for the accounting of inventory.

40. WMG failed to calculate the inventory as required by the MSA and provided erroneous information to IRE related to inventory stored in Houston, Texas.

41. Despite IRE repeatedly raising the error with WMG, WMG failed to correct the inventory production calculations in a timely fashion.

42. As a result of WMG's failure to properly and timely account for inventory pursuant to the Management Services agreement, the product was forced to be sold at a substantial discount.

43. WMG's failure to properly account caused injury to IRE by causing economic damage.

WHEREFORE, Defendant/Counter-Claimant Iowa Renewable Energy, LLC respectfully requests this Court enter judgment in its favor and against Plaintiff/Counterclaim Defendant WMG Services for the amount of damages incurred, costs, and interest as provided by law.

### BREACH OF CONTRACT

44. IRE sets forth its answers to paragraphs 1 through 6 and 8 WMG's Complaint as if fully set forth herein.

4

45. WMG has materially breached the Management Services Agreement by failing to provide services as provided in the MSA, and has also breached the duty of good faith and fair dealing under Iowa law.

46. IRE has performed the conditions precedent to trigger WMG's duty to perform services under the MSA.

47. As a result of WMG's failure to perform, IRE has been damaged.

WHEREFORE, Defendant/Counter-Claimant Iowa Renewable Energy, LLC respectfully requests this Court enter judgment in its favor and against Plaintiff/Counterclaim Defendant WMG Services for the amount of damages incurred, costs, and interest as provided by law.

## EQUITY – UNILATERAL MISTAKE RESULTING IN OVERPAYMENT BY IRE

48. IRE sets forth its answers to paragraphs 1 through 6 and 8 of WMG's Complaint as if fully set forth herein.

49. The Management Services Agreement provides that WMG is entitled to a monthly fee based upon capacity utilization and performance. (See Schedule A of the MSA, attached to the Complaint as Exhibit 1.)

50. As a part of this fee, WMG is required to invoice IRE for a proposed performance utilization fee within five days at the end of each calendar month for the prior month based upon IRE's financial reporting for such month.

51. For the months of April 2011 through September 2011, IRE mistakenly submitted erroneous financial information to WMG.

52. WMG was aware of the erroneous financial information provided by IRE but calculated its performance fee based on the erroneous financial information, resulting in a substantially higher performance utilization fee.

53. When IRE discovered its error and attempted to provide the correct figures to WMG, WMG refused to correct the performance fee calculations.

54. WMG did not act to its detriment in reliance upon the erroneous financial information provided by IRE.

55. No harm will be done to WMG by using the correct calculations.

WHEREFORE, Defendant/Counter-Claimant Iowa Renewable Energy, LLC respectfully requests this Court enter an equitable judgment requiring the correct financial information be used to calculate the performance fees due by IRE during the time period of April 2011 through September 2011, and for any other relief this Court deems proper.

Respectfully submitted,

HOPKINS & HUEBNER, P.C.

By /s/ R. Ronald Pogge              AT0006374

By /s/ Patrick T. Vint              AT0008811
2700 Grand Avenue, Suite 111
Des Moines, IA 50312
Telephone: 515-697-4268
Facsimile: 515-697-4299
Email: rpogge@hhlawpc.com
       pvint@hhlawpc.com

ATTORNEYS FOR IOWA RENEWABLE ENERGY, LLC

6

Original filed.

Copy to:

David Swinton
Belin McCormick, PC
666 Walnut Street, Suite 2000
Des Moines, IA 50309-3989
Telephone: (515) 283-4665
Facsimile: (515) 558-0665
Email: dmswinton@belinmccormick.com

ATTORNEYS FOR PLAINTIFF

| **CERTIFICATE OF SERVICE** |
|---|
| The undersigned certifies that the foregoing instrument was served upon each of the attorneys of record of all parties to the above-entitled cause herein at their respective addresses disclosed on the pleadings of record on the ___ day of _____ Oct _____, 20 14. |
| By    U.S. Mail     ☐ Fax |
|        ☐ Hand Delivery    ☒ Electronically through CM-ECF |
|        ☐ Private Carrier    ☐ Other: _____ |
| Signature _____ |

S:\RRP\11800-0001 IA Renewable\Pleadings\Amended Answer-Counterclaim.docx4256